UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EILEEN SYMS, Individually and as
  Executrix of the Estate of John Syms,
THE SOMERSET GROUP, INC.,
UNITOOL CORPORATION,
LEW-PORT CONSTRUCTION CORPORATION,
C&S MACHINERY CORPORATION,                          **00-CV-732A(F)**
SYMS EQUIPMENT RENTAL CORPORATION, and
LEW-PORT ELECTRICAL CORPORATION,

                                Plaintiffs,

                v.

OLIN CORPORATION,
UNITED STATES DEPARTMENT OF DEFENSE,
DONALD RUMSFELD, in his official capacity as
 Secretary of Defense,
UNITED STATES DEPARTMENT OF THE ARMY,
THOMAS E. WHITE, in his official capacity as
  Secretary of the Army,
UNITED STATES DEPARTMENT OF THE AIR FORCE,
DR. JAMES G. ROCHE, in his official capacity as
  Secretary of the Air Force,
UNITED STATES NUCLEAR REGULATORY
  COMMISSION,
RICHARD A. MESERVE, in his official capacity as
  Chairman of the United States Nuclear Regulatory
  Commission, and
THE UNITED STATES OF AMERICA,

                                Defendants.
_____          **ORDER**

EILEEN SYMS, Individually and as
  Executrix of the Estate of John Syms,
THE SOMERSET GROUP, INC.,
UNITOOL CORPORATION,
LEW-PORT CONSTRUCTION CORPORATION,
C&S MACHINERY CORPORATION,                          **04-CV-316A(F)**
SYMS EQUIPMENT RENTAL CORPORATION, and
LEW-PORT ELECTRICAL CORPORATION,

                                Plaintiffs,

                v.

OLIN CORPORATION,

                              Defendant.

_____

A civil rights action was commenced in this court on August 23, 2000, 00-CV-0732A(F) ("*Syms I*"), by Plaintiffs Eileen Syms ("Syms") and her now deceased husband John Syms ("John Syms"), The Somerset Group, Inc. ("Somerset"), Unitool Corporation ("Unitool"), Lew-Port Construction Corporation ("Lew-Port Construction"), C&S Machinery Corporation ("C&S"), Syms Equipment Rental Corporation ("Syms Equipment"), and Lew-Port Electrical Corporation ("Lew-Port") (collectively referred to as "Plaintiffs"), against Defendant government contractor Olin Corporation ("Olin"), as well as various departments and officials of the United States ("the Government Defendants") (collectively referred to as "Defendants").  In particular, Plaintiffs asserts claims for relief under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), the Federal Tort Claims Act ("FTCA"), and state law to recover necessary response costs Plaintiffs allegedly incurred cleaning up hazardous substances on property owned by Plaintiffs ("the Site"), and for the resulting decrease in the value of Plaintiffs' property based on the presence of the hazardous substances generated on, transported to or deposited onto the Site by Defendants.  In a Decision and Order dated September 30, 2003 (Syms I Doc. No. 83), District Judge Arcara adopted the primary recommendations of the undersigned set forth in a Report and Recommendation dated November 27, 2002 (Syms I Doc. No. 71), and thereby dismissed Plaintiffs' CERCLA and FTCA claims, declined, pursuant to 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction over the pendent state claims,

2

dismissed the pendent state claims without prejudice, and directed the Clerk of the Court to close the case.  Accordingly, on September 30, 2003, judgment was entered in favor of Defendants and Case No. 00-CV-0732 was closed.

On October 27, 2003, Plaintiffs timely appealed the dismissal of *Syms I* to the Second Circuit Court of Appeals.  In their appeal, Plaintiffs challenged the dismissal of the CERCLA and FTCA claims on the merits, and also requested reinstatement of the pendent state claims.  On May 18, 2005, the Second Circuit affirmed the district court's findings that Plaintiffs are not eligible to seek contribution under CERCLA § 113(f), Plaintiffs' radioactive contamination claims under CERCLA are time-barred, some remediation and response costs Plaintiffs incurred are not recoverable under CERCLA, and Plaintiffs' claims under the FTCA are time-barred.  *Syms v. Olin Corporation*, 408 F.3d 95, 98 (2d Cir. 2005).  The Second Circuit, however, vacated and remanded the district court's grant of summary judgment in favor of Defendants on the issue of whether Plaintiffs could recover, as necessary response costs under CERCLA § 107(a), the costs Plaintiffs incurred in admitting government officials and contractors to the Site. *Id*. at 106-07.

Meanwhile in March 2004, Plaintiffs commenced a new action in New York Supreme Court, Niagara County, asserting against Olin the same state law claims previously dismissed in *Syms I* ("the state court action").[1]  On April 22, 2004, Olin removed the state court action to this court on the basis of diversity jurisdiction,[2] and the

---

[1] The precise date that the state court action was filed in New York Supreme Court, Niagara County is not in the record, although the Complaint filed in the state court action is dated March 22, 2004.

[2] Although the record does not indicate the specific date when Plaintiffs filed the state court action, Plaintiffs have not moved to remand the matter based on untimely removal.

action was assigned Case No. 04-CV-0316A(F) ("*Syms II*").[3]

Upon the Second Circuit's vacating *Syms I* in part, and remanding the matter to this court for further proceedings, 28 U.S.C. § 1367(c)(3) no longer provided a basis for declining to exercise supplemental jurisdiction over the pendent state claims asserted in *Syms I*.  As such, the pendent state claims asserted in *Syms I* have been reinstated in this court.  *Zheng v. Liberty Apparel Company, Inc.*, 355 F.3d 61, 79 (2d Cir. 2003) (holding state law claims asserted against defendant manufacturer, over which district court had declined to exercise supplemental jurisdiction upon dismissing sole federal claims, were reinstated once federal Fair Labor Standards Act claim was reinstated following appeal to Second Circuit).  Accordingly, both the pendent state claims asserted in *Syms I* and the state claims asserted in *Syms II* are before the court.

That Plaintiffs contemplated the reinstatement of the pendent state claims asserted in *Syms I* is evident form Plaintiffs' assertion in *Syms II* that "Plaintiffs have appealed Judge Arcara's Decision and Order to the Second Circuit, and if they prevail the state law claims brought in this action may be reinstated in the Federal Court Action."  *Syms II*, Complaint, ¶ 106.  Further, with two exceptions, the pendent state claims asserted in *Syms I* are identical to the state claims asserted in *Syms II*.  Specifically, eight of the ten state law claims asserted against both the Government Defendants and Olin in *Syms I* are also asserted against Olin in *Syms II*.  *Compare Syms I* Complaint, Causes of Action 5 - 7, 9 - 11, 14 and 15, with *Syms II* Complaint, Causes of Action 1 - 6, 9, and 10.  The remaining two state law claims in *Syms I* are

---

[3] A copy of the Complaint filed in the state court action is attached as Exhibit A to the Notice of Removal (*Syms II*, Doc. No. 1)

asserted only against the Government Defendants, and are newly asserted against Olin in *Syms II*.  *Compare Syms I* Complaint, Causes of Action 12 and 13, with *Syms II* Complaint, Causes of Action 7 and 8.  That essentially identical claims involving identical parties are now before this court in two separate actions strongly supports consolidating *Syms I* and *Syms II* for purposes of judicial economy and to avoid inconsistent verdicts at trial.

"A district court can consolidate related cases under Federal Rules of Civil Procedure 42(a) *sua sponte*."  *Devlin v. Transportation Communications International Union*, 175 F.3d 121, 130 (2d Cir. 1999).  Consolidation is acceptable "[w]hen actions involving a common question of law or fact are pending before the court."  Fed. R. Civ. P. 42(a).  Rule 42(a) "should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion."  *Devlin*, *supra*, at 130 (citing cases; internal quotations omitted).  "[C]onsolidation should be considered when 'savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*.'"  *Id*. (quoting *Consorti v. Armstrong World Ind.*, 72 F.3d 1003, 1006 (2d Cir. 1995), *vacated on other grounds*, 518 U.S. 1031 (1996)) (italics in original).  The Second Circuit has observed that "'[t]he proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42(a)'").  *Devlin, supra* (quoting *Miller v. United States Postal Serv.*, 729 F.2d 1033, 1036 (5th Cir. 1984)).

In the instant case, not only are the same parties and claims before the court in both *Syms I* and *Syms II*, but resolution of the state law claims asserted in *Syms II* does

not require consideration of any facts that are not already before the court in *Syms I*.

As such, consolidating *Syms I* with *Syms II* would promote judicial economy, eliminate

the need for duplicate discovery, prevent confusion, and avoid the possibility of

inconsistent verdicts without any sacrifice of justice.  *Devlin*, *supra*, at 130.  As such,

*Syms I* and *Syms II* are hereby ORDERED consolidated.

A Rule 16(b) conference will be scheduled by the court.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        February 7, 2006
              Buffalo, New York